# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:16-CV-00082-FDW-DSC

| | |
|---|---|
| REGINALD NESBITT, | |
| Plaintiff, | |
| vs. | ORDER |
| MECKLENBURG COUNTY, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 10) Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim; and Defendant's Motion for Hearing on its Motion to Dismiss (Doc. No. 12). After careful review of Defendant's Motion and Memorandum in Support (Docs. Nos. 10, 11), Plaintiff's Response (Doc. No. 17), and Defendant's Reply (Doc. No. 18), and for the reasons stated below, Defendant's Motion to Dismiss is DENIED *without prejudice*. Accordingly, Defendant's Motion for Hearing is DENIED as MOOT.

## I. BACKGROUND

The Court recites the facts as alleged and in the light most favorable to Plaintiff, the non-moving party. Plaintiff was employed as a senior Case Manager II for Mecklenburg County Criminal Justice and Pretrial Services from 1987 to 2015. (Doc. No. 6-4, ¶ 7). Plaintiff alleges that in early 2012, the then Director of Pre-Trial Services, Eberly, began to verbally instruct supervisors within Criminal Justice and Pretrial Services to excessively write up and discipline employees over the age of 40 to force resignation or justify a termination. (Id. at ¶¶ 10-13). Eberly

used the phrase "performance manage" to repeatedly communicate this instruction to Mr. Jeff Davis, Criminal Justice Supervisor; Mr. Danny Trapp, Plaintiff's then supervisor; and Ms. Yvonne Jones, Plaintiff's later supervisor. (Id. at ¶¶ 12-16). On February 12, 2012, Trapp took written disciplinary action against Plaintiff even though Trapp felt it was unfair and harsh. (Id. at ¶ 18). Trapp later resigned after he was allegedly retaliated against for failing to discipline Plaintiff as harshly or frequently as instructed. (Id. at ¶ 19). Ms. Yvonne Jones became Plaintiff's supervisor after Trapp resigned. (Id. at ¶ 20). Thereafter, Jones advised Plaintiff that "upper management was 'after him' and wanted him terminated for non-performance related reasons." (Id. at ¶ 21). Jones repeatedly cautioned Plaintiff to retire early and avoid the loss of retirement benefits that would inevitably result from a termination. (Id. at ¶ 22).

Soon after and at Eberly's instruction, Jones "began a campaign of repeatedly writing up and disciplining [Plaintiff] in an unfair and discriminatory manner, screaming at and berating [Plaintiff] in front of co-workers, and increasing [Plaintiff's] case load and other responsibilities." (Id. at ¶ 24). Davis and other employees filed complaints with Defendant's human resources department; but Defendant neither adequately investigated the complaints nor took action to prevent the discriminatory conduct complained of. (Id. at ¶¶ 25-27). Plaintiff filed an EEOC charge on October 21, 2014. (Id. at ¶ 28). After enduring continued hostile treatment and threats, Plaintiff resigned on or around January 1, 2015. (Id. at ¶ 29). The EEOC issued Plaintiff a right to sue letter on October 19, 2015—a year after he filed his initial charge. (Id. at ¶ 31).

On January 15, 2016, Plaintiff filed the instant case in the Superior Court of Mecklenburg County alleging three causes of action: (1) Hostile Work Environment in violation of the Age Discrimination and Employment Act ("ADEA"); (2) Constructive Discharge in violation of the ADEA; and (3) Negligent Retention. (Doc. No. 1-1). On February 17, 2016, Defendant removed

the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. No. 1). Plaintiff filed his Amended Complaint on March 21, 2016, and Defendant moved to dismiss on August 4, 2016. Plaintiff filed his Response in Opposition (Doc. No. 17) and Defendant filed their Reply. (Doc. No. 18). As such, this matter is now ripe for review.

## II. DISCUSSION

Defendant challenges each of Plaintiff's claims arguing (1) Plaintiff failed to allege the constructive discharge in his EEOC charge; (2) the constructive discharge and hostile work environment allegations are factually bare[1]; and (3) the negligent retention claim lacks the factual allegations needed to satisfy North Carolina's requirements for the tort.

**1. Subject Matter Jurisdiction**

Defendant moves to dismiss Plaintiff's constructive discharge cause of action pursuant to Fed. R. Civ. Pro. 12(b)(1) arguing that the Court lacks subject matter jurisdiction over the claim.

**a. Standard of Review**

Under Fed. R. Civ. P. 12(b)(1), the Court must dismiss a complaint if it lacks subject matter jurisdiction. Lack of subject matter jurisdiction may be raised at any time either by the litigant or the court because "determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). The plaintiff has the burden of demonstrating subject matter jurisdiction. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a 12(b)(1) challenge, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to

---

[1] Defendant advances two alternative arguments against the constructive discharge claim: (1) dismissal based on lack of subject matter jurisdiction, and, in the alternative, (2) dismissal based on failure to state a cause of action that entitles the pleader to relief. (Doc. No. 10).

one for summary judgment." Id. Unlike a 12(b)(6) motion "where there is a presumption reserving the truth finding roles to the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). "The court should grant the Rule 12(b)(1) motion only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter if law." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (citations omitted).

    **b. Analysis**

A plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before filing suit under Title VII because the scope of the court's subject matter jurisdiction is limited by the contents of the charge. Mercer v. PHH Corp., 641 F. App'x 233, 238 (4th Cir. 2016); see also Syndor v. Fairfax Cnty., 681 F.3d 591 (4th Cir. 2012). Put simply—claims that fall outside the scope of the EEOC charge are procedurally barred. Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 408 (4th Cir. 2013). This requirement serves two principal purposes: notice and conciliation. Id. at 407. Completion of the charge is not a "formality to be rushed through," but, instead, brings the charged party before the EEOC effectively "intiat[ing an] agency monitored settlement . . . [that] reflects a congressional intent to use administrative conciliation as the primary means of handling claims, thereby encouraging quicker, less formal, and less expensive resolution of disputes." Id. at 407 (quoting Chacko v. Patuxent Inst., 429 F.3d 505, 510 (4th Cir. 2005) (internal quotation marks omitted)).

To fall within the scope of the Court's jurisdiction, a discriminatory claim must be (1) specifically stated in the EEOC Charge, (2) reasonably related to the discriminatory conduct complained of, or (3) expected to follow from a reasonable investigation of the charge. Harrison v. South Carolina Dep't of Mental Health, 641 F. App'x 202 (4th Cir. 2015); see also Sydnor, 681

F.3d at 594. "The touchstone for exhaustion is whether plaintiff's administrative and judicial claims are 'reasonably related,' not precisely the same . . . ." Sydnor, 681 F.3d at 595.

Plaintiff raises arguments that, standing alone, lack merit; however, after reviewing the parties' arguments, the supplemental attachments, and the facts alleged, the Court finds that there are material jurisdictional facts in dispute, and therefore DENIES *without prejudice* Defendant's motion to dismiss Plaintiff's constructive discharge claim for lack of subject matter jurisdiction.

Plaintiff argues that his EEOC intake questionnaire is sufficient to maintain subject matter jurisdiction because Plaintiff provided two examples of employees that were allegedly "forced to resign" in the questionnaire. (Doc. No. 17-2). This argument falls flat. An EEOC intake questionnaire cannot be incorporated into a formal charge when determining scope because it directly contravenes the purposes of Title VII. Balas, 711 F.3d at 408. Incorporating the questionnaire defeats the principal purpose of notice because the EEOC is not required to send intake questionnaires to the charged party. Id.

The Court also disagrees with Plaintiff's equitable arguments. Plaintiff relies on Jones v. Calvert Grp., Ltd., and argues that the exception from that case should be applied here because requiring a plaintiff to file a separate charge or amend his current charge during a pending EEOC investigation would "set a dangerous precedent and trap to future employees." (Doc. No. 17). However, the facts and circumstances that the Jones court relied on to craft the narrow exception to the exhaustion requirement do not exist here. In Jones, the plaintiff filed a charge against her employer for retaliation. 551 F.3d 297 (4th Cir. 2009). After she was issued a right to sue letter, she was terminated. Id. The plaintiff filed suit in federal district court alleging she was terminated in retaliation for filing an EEOC charge. Id. The district court dismissed plaintiff's retaliation claim for failure to exhaust administrative remedies because the plaintiff failed to amend or file a

new charge that included the termination.  Id.  The Fourth Circuit reversed and remanded the dismissal of the retaliatory claim because the plaintiff had filed a retaliation charge prior to the termination, and that the retaliatory termination claim before the district court arose from—and was the predictable culmination of—the same retaliatory acts alleged in the charge.  Id.  The court reasoned that "a plaintiff should be excused from exhausting claims alleging retaliation for the filing of a previous EEOC charge largely because such a plaintiff would be expected to be gun shy about incurring further retaliation after an additional EEOC charge and because a second conciliation could not be expected to be any more fruitful than the first.  Id. at 302-3 (citing Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992)).

Jones and Nealon generally apply when a plaintiff has filed an EEOC charge alleging retaliation, and an additional retaliatory discharge occurs.  Unlike Jones, Plaintiff in the instant case only filed one charge, and in no way did it reference any type of retaliation.  Plaintiff also draws attention to the fact that the constructive discharge occurred during the EEOC investigation; however, the Fourth Circuit clearly states that the exception does not include any type of "pendency requirement."  Id. at 302.  If a plaintiff alleging discrimination determines that their initial charge does not read as they now intend, they may amend or refile their charge in order to put the charged party and the EEOC on notice of the new claim.  Balas, 711 F.3d at 408.

Finally, Plaintiff argues that his constructive discharge could be expected to follow from a reasonable investigation of his charge.  The Court is not persuaded that a reasonable investigation would have revealed the discharge but finds the facts are in dispute as to whether Plaintiff's constructive discharge *actually did follow* from the EEOC investigation.  Plaintiff filed his EEOC charge October 21, 2014, and his right to sue letter was issued October 19, 2015. During that time, Plaintiff alleges an EEOC investigation was opened, and that Plaintiff orally informed Defendant

and the EEOC at a mediation in December of 2014 that the continued discriminatory acts were intended to force his resignation. (Doc. No. 17). Defendant admits to this occurrence but argues that the EEOC was still not put on notice due to the EEOC's confidentiality policy regarding mediation. (Doc. No 11). Plaintiff also raises the allegation that the EEOC investigation closed prior to Plaintiff's resignation in January of 2015 but "coincidentally reopened in January 2015 after an EEOC complaint was filed." (Doc. No. 17, p. 6).

If both the Defendant and the EEOC were on notice of Plaintiff's constructive discharge prior to the issuance of the right to sue letter, then the principal purposes of the exhaustion requirement may have been met. The facts remain unclear as to the breadth of the EEOC's investigation into Plaintiff's claims, and thus, the Court finds material jurisdictional facts are in dispute. Accordingly, Defendant's motion to dismiss Plaintiff's constructive discharge claim is DENIED *without prejudice*. Defendant may re-raise the argument at summary judgment.

**2. Sufficiency of Complaint**

Defendant moves to dismiss all of Plaintiff's claims pursuant to Fed. R. Civ P. 12(b)(6).

**a. Standard of Review**

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to

dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000). A plaintiff alleging employment discrimination need not "plead facts that constitute a prima facie case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), but '[f]actual allegations must be enough to raise a right of relief above the speculative level.'" Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

### b. Analysis

The Court is not moved by Defendant's arguments. Defendant attacks factual disputes within each cause of action: (1) Plaintiff cannot satisfy the "objectively intolerable" standard for constructive discharge; (2) Plaintiff cannot prove "severe and pervasive" behavior to show a hostile work environment; and (3) Plaintiff cannot show a common law tort occurred to prove negligent retention. (Doc. No. 11). These arguments are proper for summary judgment. Plaintiff is not required to prove his case at this stage, but only to state a plausible set of facts that "raise [his] right of relief above the speculative level." Id. at 190. Plaintiff alleges the director of his department targeted him and other employees based on age, and that he was subjected to ongoing threats, write ups, and an unfair increase in responsibilities that resulted in his resignation. The Court finds Plaintiff has alleged facts sufficient to state a plausible claim. Accordingly, Defendant's motion to dismiss is DENIED.

### IV. CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss (Doc. No. 10) is DENIED *without prejudice*. As such, Defendant's Motion for Hearing (Doc. No. 12) is DENIED as MOOT.

SO ORDERED.

Signed: October 24, 2016

Frank D. Whitney
Chief United States District Judge